UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| S&J WHOLESALE, LLC, et al., ) | |
| ) | Case No. 1:22-cv-68 |
| *Plaintiffs*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| ALKITCHMALL (SELLER ID: ) | |
| A2S9WQ2NR9EYP3) et al., ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

Before the Court are Defendants Cyanbulls, Glorybull, Gongyi, Ningbo Juyi Industry and Trad Co., Ltd., Sundazzi and YouMeng's (collectively, "the Moving Defendants") motion to dissolve the temporary restraining order and to dismiss (Doc. 31) and Plaintiffs' motion to remand (Doc. 34). Plaintiffs have requested, and the Court has agreed, that their motion to remand be decided before the motion to dissolve and dismiss is decided. (Docs. 39, 40, 41, 42.) For the following reasons, the motion to remand (Doc. 34) will be **GRANTED**, and the Court will not rule on the motion to dissolve and dismiss.

### I. BACKGROUND

On December 30, 2021, Plaintiffs filed a verified complaint against 125 named Defendants, accompanied by a request for restraining order, temporary injunction, and permanent injunction in the Circuit Court of Hamilton County, Tennessee. (*See* Doc. 5-2, at 2–27.) According to the verified complaint, Plaintiffs are limited-liability companies that develop and sell various products in the United States. (*Id.* at 6.) Defendants are Chinese entities who

sell products with Amazon.  (*Id.* at 7–20.)  Plaintiffs allege that certain principals of their manufacturer, Ningbo Yinzhou RMAO Leisure Industry, Ltd. ("NYRLIL"), formed a new company, Ningbo Yonk Machinery Co., Ltd. ("Ningbo"), which has wrongfully used Plaintiffs' intellectual property to manufacture counterfeit versions of their products.  (*Id.* at 20–22.)  They allege that Defendants have used their internet platforms to market and sell the counterfeits produced by Ningbo.  (*Id.* at 20.)  Based on these allegations, Plaintiffs assert claims for unjust enrichment and theft of trade secrets, for which they seek injunctive relief and damages.  (*Id.* at 22–26)

Shortly thereafter, the Circuit Court of Hamilton County, Tennessee, granted Plaintiffs a temporary restraining order ("TRO") against all Defendants.  (*See* Doc. 5-4.)  The TRO enjoined Defendants as follows:

> (a) Defendants shall not further sell any goods or Products utilizing Plaintiffs' trade secrets and proprietary and confidential information, including but not limited to those goods or Products identified in the Verified Complaint;
>
> (b) the seller settlement accounts of Defendants at Amazon are hereby frozen to prevent the Defendants from accessing those funds, and Defendants shall not access those seller settlement accounts;
>
> (c) the inventory of Defendants are hereby frozen to prevent the Defendant from transferring or withdrawing the inventory from Amazon, and Defendant shall not access or dispose of any such inventory; and
>
> (d) the proceeds in the Amazon seller settlement accounts of Defendants shall not be retained by Defendants but shall be paid into the registry of this Court to prevent them from being irretrievably disbursed and lost to the anonymity of the internet.

(*Id.* at 6.)  The Circuit Court Judge set the bond amount at $500.00 and scheduled a hearing on this matter for January 19, 2022.  (*Id.*)

On March 21, 2022, Defendants FASTTOBUY Official US (Seller ID: A1QHHBFTGR8LSC), GOODcrafter Official US (Seller ID: A1PQET6BJ5IMJ8), TOAUTO

Official US (Seller ID: A2JH2NN61X740J), and VAIKING (Seller ID: A86PYBNWJ8PM1) (collectively, the "Removal Defendants") removed the action to this Court. (*See* Doc. 5.) Each of the Removal Defendants filed declarations indicating that they had not been served. (*See* Docs. 5-5, 5-6, 5-7, 5-8.) The Removal Defendants state that they only learned of this matter because Amazon took action against their seller accounts based on the TRO. (*See* Doc. 5, at 6.) They argued that this Court has subject-matter jurisdiction over Plaintiffs claims based on both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 8–11.) In their notice of removal, the Removal Defendants also asked that the TRO be dissolved and that the complaint be dismissed. (*Id.* at 12.) The Removal Defendants were subsequently voluntarily dismissed from this case. (*See* Doc. 23.) Defendants Ningbo Cyanbulls Industry & Trade Co., Ltd. (d/b/a Cyanbulls (Seller ID: AlKOL7YZ1E7IIR)), Ningbo Huangniu Industry and Trade Co., Ltd. (d/b/a Glorybull (Seller ID: AVVIAV16BBSBC)), Ningbo Gongyi Industry and Trade Co., Ltd. (d/b/a Gongyi (Seller ID: ASWH0LOUOM9O9)), Ningbo Juyi Industry and Trade Co. Ltd. (Seller ID: A21 1 9WM0L0PHMW), Ningbo Yinzhou Riyao Plastics Factory (d/b/a SUNDAZZI (Seller ID: AM8O1JUKBNFDI)), and Ningbo Youmeng Network Co., Ltd. (d/b/a YouMeng (Seller ID: A2LO001WNWIUOC)) (collectively, the "Moving Defendants") joined in the notice of removal on March 25, 2022.

Following removal, the Moving Defendants filed a motion to dissolve the TRO and to dismiss the case (Doc. 31). They argue that Plaintiffs have failed to state a trade-secrets claim and that their unjust-enrichment claim is preempted by the Tennessee Uniform Trade Secrets Act. (*Id.* at 1–2.) The Moving Defendants also argue that Plaintiffs have not shown that the Court has personal jurisdiction over them and that Plaintiffs did not should not have been granted injunctive relief because they did not show irreparable harm. (*Id.* at 2.) Finally, the Moving

Defendants seek costs associated with this matter. (*Id.*) Plaintiffs subsequently filed a motion to remand the action to the Circuit Court of Hamilton County, Tennessee (Doc. 34). Plaintiffs argue that the action was improperly removed because (1) there is no federal question in this case, (2) the Removal Defendants did not obtain the consent of all Defendants who had been served, (3) the amount in controversy is below $75,000.000, and (4) the removal was untimely. (*Id.* at 1.) Both motions have been fully briefed and are ripe for resolution.

## II. MOTION TO REMAND

### A. Standard of Review

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

### B. Analysis

In their motion, Plaintiffs seek remand based on (1) the lack of federal-question jurisdiction, (2) the failure of the Removal Defendants to obtain consent from all served Defendants, (3) the insufficient amount in controversy, and (4) the untimeliness of the notice of removal. (Doc. 34, at 1; Doc. 36, at 1.)

#### i. Federal Question

28 U.S.C. § 1331 provides that federal courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." In their notice of removal,

the Removal Defendants argued that the Court had federal-question jurisdiction under § 1331 because the Defendant Trade Secrets Act of 2016 ("DTSA"), rather than the Tennessee Uniform Trade Secrets Act ("TUTSA"), applies to Plaintiffs' trade-secrets claims. (Doc. 5, at 10–11.) Plaintiffs dispute this position. (Doc. 36, at 3.)

The Removal Defendants admitted that Plaintiffs invoke only the TUTSA and do not mention the DTSA in their complaint. (Doc. 5, at 10.) However, they asserted that Plaintiff S & J Wholesale, LLC, was not a citizen of Tennessee in 2006 when the trade secrets are alleged to have been stolen. (*Id.*) Therefore, they presumed, Plaintiffs' claims must be interpreted as claims under the DTSA instead. (*Id.* at 11.) The Removal Defendants also contended that the DTSA must control Plaintiffs claims because the TUTSA "provides no express provision for seizure of foreign goods or money related to interstate commerce." (*Id.*)

The Removal Defendants' attempt to convert Plaintiffs' state-law claims to federal ones is ineffective. Plaintiffs purport to assert claims under the TUTSA. If those claims lack merit for any reason, they will be subject to challenge and dismissal on a dispositive motion or at trial. But the possible failure of a state trade-secrets claim does not create a federal claim, much to the relief of civil defendants everywhere. The Removal Defendants did not demonstrate the presence of a federal question, and, upon independent review, the Court sees no federal questions at issue in this case. Consequently, the Court does not have subject-matter jurisdiction under § 1331.

> ii.  **Amount in Controversy**

"A federal district court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interests." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "[A] claim

specifically less than the federal requirement should preclude removal." *Id*. (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). "To satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. b. Friend*, 559 U.S. 77 (2010) (citing *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 557 (2005)). "In the usual course of proceedings, the sum claimed by a plaintiff, if made in good faith, is the amount in controversy." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

In their complaint, Plaintiffs do not specify an amount of damages sought. (*See* Doc. 5-2, at 27.) Plaintiffs only ask in their prayer for relief that "at a final hearing in this case, the Court award judgment in favor of Plaintiffs and against all Defendants for all damages resulting from their wrongful sale of goods and Products set forth above." (*Id.*) Plaintiffs also seek costs, attorneys' fees, and a permanent injunction "prohibiting Defendant from further selling any goods or Products utilizing Plaintiffs' trade secrets and proprietary and confidential information." (*Id.*) Finally, Plaintiffs seek an order requiring Defendants to surrender any wrongfully produced products. (*See id.* at 26.)

When a complaint does not request a precise amount of damages, the defendant seeking removal must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Naji*, 665 F. App'x at 400 (citations omitted); *see* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). Here, the Removal

6

Case 1:22-cv-00068-TRM-SKL   Document 61   Filed 06/21/22   Page 6 of 11   PageID #: 3150

Defendants argued that, because there are 125 named Defendants, the damages and attorneys' fees sought are likely to exceed $75,000. (Doc. 5, at 10.)

The Removal Defendants also rely on the value of the requested injunctive relief. (*Id.* at 9–10.) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation" or by the "costs of complying with an injunction." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Everett*, 460 F.3d at 829). In this case, the Removal Defendants relied not on Plaintiffs' request for permanent injunctive relief but rather their request for a TRO. (*See* Doc. 5, at 9.) Each of the Removal Defendants provided a declaration stating that each Defendant's Amazon business had suffered losses "at least $75,000" in complying with the TRO. (*See* Docs. 5-5, 5-6, 5-7, 5-8.) Beyond these declarations, the Removal Defendants provided no support for their claims that the injunctive relief sought is valued at more than $75,000.

While these declarations and the blanket assertions in the notice of removal are very sparse on detail, the Court finds that there is sufficient evidence that the amount-in-controversy requirement has been satisfied. This is because Plaintiffs, in their complaint, allege that they "have sustained, and continue to sustain damage, including but not limited to lost sales, believed to be at least $1,000,000." (Doc. 5-2, at 22.) Although Plaintiffs do not demand a precise amount of damages, they do seek damages directly based on their lost sales as well as Defendants' profits from selling the counterfeit products. (*Id.* at 22–23.) Thus, the Court is satisfied that the amount in controversy exceeds $75,000.
7

### iii. Timeliness

Under 28 U.S.C. § 1446, a notice of removal must be filed within thirty days of the defendant's receipt—"through service or otherwise"—of a copy of the complaint setting forth a plaintiff's claims. 28 U.S.C. § 1446(b)(1). Subsection (b)(3) provides,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The Sixth Circuit follows the "last-served defendant" rule. *See Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 762 (6th Cir. 2016). Under that rule, in cases with multiple defendants, "a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

In the notice of removal, the Removal Defendants stated that they were not served, but learned of Plaintiffs' claims when Amazon took action against their accounts under the TRO. (Doc. 5, at 6.) The Removal Defendants do not state when they first obtained a copy of Plaintiffs' complaint or the TRO. The TRO issued on January 5, 2022. (*See* Doc. 5-4.)

Plaintiffs assert that the Removal Defendants were all served electronically with the summons and complaint on January 25, 2022, pursuant to a state-court order allowing them to serve Defendants in such a manner. (Doc. 36, at 2.) In that order, the Circuit Court found that Defendants could not be served with process and ordered that a non-resident notice be published in the Hamilton County Herald for four weeks. (Doc. 35-1, at 2.) The Circuit Court then ordered that, pursuant to Tennessee Rule of Civil Procedure 4.05,[1] Plaintiffs could serve

---

[1] Tennessee Rule 4.05 provides for the service of process to defendants outside the state of Tennessee in a variety of ways, including "as directed by the court." *See* Tenn. R. Civ. P.

Defendants via electronic service of process "through their seller names, contact links, or other information on their Amazon pages and product listing sites." (*Id.* at 3.)

The Moving Defendants argue that, under the last-served-defendant rule, the notice of removal was timely because it was filed within thirty days of service of the last-served defendant, in this case, Defendant YouMeng. (Doc. 41, at 4.) Defendant YouMeng, they

---

4.05(1). However, according to the text of the rule, the provisions therein "are inapplicable when service is effected in a place not within any judicial district of the United States." *Id.* It is Rule 4A that governs service of foreign defendants. *See* Tenn. R. Civ. P. 4A. Under that Rule, service upon defendants outside of the jurisdiction of the United States may be made:

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
>
> (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the law of the foreign country, by
>
> > (i) delivery to the individual personally of a copy of the summons and the complaint; or
> >
> > (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
>
> (3) in the case of a corporation, by service as provided in 4.04(4) upon any corporation that has acted as the corporate defendant's agent in relation to the matter that is the subject of the litigation or the stock of which is wholly owned by the corporate defendant.
>
> (4) by other means not prohibited by international agreement as may be directed by the court.

*Id.* However, the Removal Defendants did not present any arguments concerning the sufficiency of service in their notice of removal, and the Moving Defendants do not do so in their response to Plaintiffs' motion to remand. Moreover, under 28 U.S.C. § 1446(b)(1), the thirty-day window for removal begins once a party has received notice of the suit, "through service or otherwise." Accordingly, the Court will not address whether service was sufficient under the Tennessee Rules.

represent, was served on March 11, 2022. (*Id.*) However, Defendant YouMeng was not among the Removal Defendants, and only consented to the removal after the fact. And when it first adopted the last-served-defendant rule, the Sixth Circuit considered "whether, in cases with multiple defendants served at different times, *the last-served defendant* is allowed a full 30 days after being served to remove or, instead, only has 30 days from the time the first defendant is served." *Brierly*, 184 F.3d at 532 (emphasis added). The court did not adopt a rule whereby *any defendant* could remove within thirty days of service of the later-served defendant. *See id.* at 533 (noting that it was adopting the rule "as a matter of fairness to later-served defendants"). The purpose of this rule is to allow each defendant in a civil lawsuit a full thirty days within which to remove, not to extend § 1446(b)(1) beyond the thirty-day limit as to earlier-served defendants. Here, YouMeng was not among the removing defendants, and the Court will not construe this later consent as rectifying the error of the Removal Defendants. The Court therefore finds that removal was untimely as to each of the Removal Defendants and that Plaintiffs' motion to remand (Doc. 34) should be **GRANTED**.

    *iv.*  **Consent of Other Defendants**

  Finally, Plaintiffs argue that the notice of removal is deficient because all Defendants served and joined in this matter have not consented to the removal. (Doc. 36, at 3.) Under 28 U.S.C. § 1446(b)(2)(A), "all defendant who have been properly joined and served must join in or consent to the removal of the action" under § 1441(a). The Moving Defendants argue that the non-consenting Defendants were not required to join in or consent to the removal because they were not properly joined, they are nominal parties, and/or they were not properly served. (Doc. 41, at 5–6.) However, the Court notes that the Moving Defendants do not dispute Plaintiffs' representation that they were all served prior to the filing of the notice of removal. (*See* Doc. 36,

at 2; Doc. 41, at 4–5.) Their non-joinder or consent at the time of removal is unexplained, and the Removal Defendant asserted that they were not required to obtain consent of other Defendants because they had not been served. (*See* Doc. 5, at .) Because Plaintiffs and the Moving Defendants do not dispute the propriety of service and because ambiguity should be resolved in favor of remand, this, too, could render the notice inadequate at the time of its filing.

### III. MOTION TO DISMISS AND DISSOLVE TRO

Because the Court will remand this action, it is for the state court, not this Court, to resolve the Moving Defendants' concerns regarding the complaint and the TRO. The Court makes no ruling as to the motion to dismiss and dissolve the TRO (Doc. 31).

### IV. CONCLUSION

Plaintiffs' motion to remand is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Hamilton County, Tennessee.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

>/s/ *Travis R. McDonough*
>**TRAVIS R. MCDONOUGH**
>**UNITED STATES DISTRICT JUDGE**